**In the Matter of GWF INVESTMENTS, LTD, Debtor.**

**Harry J.W. FRAVERT, Trustee in Bankruptcy, Plaintiff,**

v.

**IMPERIAL MANAGEMENT, INC. United States of America, Defendants.**

**Bankruptcy No. 3–81–00699.
Adv. No. 3–83–0344.**

United States Bankruptcy Court,
S.D. Ohio, W.D.

Aug. 12, 1983.

Gary W. Crim, Dayton, Ohio, for plaintiff/trustee.

Harry J.W. Fravert, trustee/plaintiff.

Horace W. Baggott, Dayton, Ohio, for debtor/defendant.

Vanessa D. Walton, Asst. U.S. Atty., Dayton, Ohio.

## ORDER

CHARLES A. ANDERSON, Bankruptcy Judge.

This matter is before the Court upon Complaint filed 16 May 1983. The Complaint alleges that the subject property, an apartment complex (consisting of 10 buildings and 120 apartments units, a swimming pool and clubhouse), is presently being improperly managed and maintained, and requests an order authorizing replacement of Defendant Imperial Management, Inc. as manager.

On 2 June 1983, Defendant Imperial Management, Inc. filed an Answer essentially denying that the above-captioned Debtor has any interest in the subject property.

On 8 June 1983, Defendant United States of America on behalf of the Secretary of Housing and Urban Development (hereinafter HUD) also filed an Answer denying that the subject property is property of Debtor's estate. The United States further responds that the subject property is presently the subject of a pending foreclosure action commenced 1 July 1981 in the "adjunct" United States District Court, styled *United States v. Frederic E. Gagel, Canterbury Runn Apartments, et al.,* Civ. No. C–3–81–357. The United States further requests "any relief necessary for HUD to continue its foreclosure suit and place a Receiver or HUD in possession as Mortgagee-in-Possession of Canterbury Runn Apartments."

The Court considered the matter at a pretrial conference held 14 June 1983 and a status conference held 17 June 1983. The matter was then continued because the parties had, apparently provisionally, settled the matter. This settlement was never journalized by the anticipated agreed order.

The Court then reset the request for relief from stay in the Answer of the United States seeking "relief necessary to HUD to continue its foreclosure suit," and heard the matter on 8 August 1983 conformably to 11 U.S.C. § 362(e). No evidence was adduced as to current valuation of the property, although the Plaintiff has posed the question of "adequate protection."

Upon review of the record, it is the determination of the Court that conditional relief from stay should be granted. In this regard, the Court specifically finds that "cause" has been established pursuant to 11 U.S.C. § 362(d). This finding is based upon the considerable delay since commencement of the foreclosure action over two years

ago; that no payments have been made on the mortgage during the pendency of the Chapter 11 case filed by GWF Investments, Ltd. on 4 March 1981 scheduling ownership of Canterbury Runn Apartments; and also the facts of record, as alleged by the Complainant and only party objecting to relief, that the property is presently improperly managed and maintained, thus obviating the necessity of additional testimony regarding valuation. As of December 31, 1982, the delinquencies in payment of principal, interest, service charges and reserves as required by the mortgage to HUD total $2,139,610.48, and the interest accrual factor is $367.60710 to $379.86067 per day.

The Court also notes that any interest the estate may possess in the subject property is presently, at best, speculative. Furthermore, after the sale is complete, it is possible that any interest the estate may arguably possess might be mooted by distribution of all proceeds to secured parties. In addition, any jeopardy to the property created by the present management may be immediately and most efficiently resolved by district court receivership.

The court further notes that the ownership of Canterbury Runn Apartments as an asset in the estate of GWF Investments, Ltd. was not questioned during the administration of the Chapter 11 Case since 4 March 1981, even though a Trustee was appointed on 17 March 1982 and the Plaintiff herein, Harry J.W. Fravert, was duly appointed as Successor Trustee on 24 September 1982.

Although Defendant, Imperial Management, Inc. by motion filed 2 June 1983 alleges "the Debtor, GWF Investments, Ltd., has no interest in the property known as Canterbury Runn," . . . the President of this Defendant, by its President Frederic E. Gagel, has regularly filed with the Trustee monthly cash reconciliations, and detailed statements of rental income and cash disbursements showing management fees in excess of the management agreement and continuous net operating losses. This same Frederic E. Gagel is the same person who as managing general partner of GWF Invest-

ments, Ltd. instituted the Chapter 11 case, scheduling Canterbury Runn, Ltd. as partnership property of GWF Investments, Ltd., with a valuation of $2,300,000.00. The first mortgage principal indebtedness to HUD on 1 July 1970 was in the amount of $1,635,-000.00 and the Answer filed in behalf of Imperial Management, Inc. on 2 June 1983 admits the validity and priority thereof, although denying that Plaintiff "has, as Trustee, any interest over the property known as Canterbury Runn," and alleging "that the deed to Canterbury Runn is in the name of Frederic E. Gagel." Many of the multifarious and inconsistent statement of record by Frederic E. Gagel in his numerous postures and capacities are sworn statements under oath.

■ The Court is constrained to conclude that counsel for the Trustee places undue emphasis upon whether there might be some "equity" in the real estate collateral. On the facts, such a proposition appears to be somewhat fantastic; but, this is not the crucial factor *instanter*. "Adequate Protection" by any definition encompasses more than conjectural "appraised" values. Other causes exist now such as the depreciation in values and monetary losses experienced over a period of nearly three years of unprofitable management both before and since the filing of the GWF case.

Further, the completion of the foreclosure litigation in the District Court, wherein no title or ownership questions have been raised, is the proper forum to provide adequate protection to all parties in an early realization of economic values.

To intensify this obvious conclusion, attention is also directed to the Congressional intent giving rise to 11 U.S.C. § 362(b)(7), which enacts an exception to the prohibition of the commencement of mortgage foreclosure suits by HUD for all property consisting of five or more living units. Obviously, the "commencement" of an action is not now involved; but, the Congressional intent of encouraging private investors to use their own capital to finance projects for development of housing in this country must not be ignored in light of extreme

delays, as *sub judice.* Hence, although continuation of a pending HUD foreclosure is stayed, an inordinate abuse of the stay, as herein, should not be condoned by the court. Certainly, adequate protection to the mortgage must be more sound than fanciful conjecture.

IT IS HEREBY ORDERED that the Defendant United States of America is GRANTED RELIEF FROM STAY TO PROCEED IN the aforementioned FORECLOSURE action. IT IS FURTHER ORDERED that this relief is CONDITIONED upon this Court's RESERVING JURISDICTION as to the ownership interest of GWF in the property subject to the first and best mortgage lien of HUD and the delinquent taxes and the concomitant question of the proper distribution of any excess value after a foreclosure sale, AND ALSO the Trustee's RESERVING THE RIGHT TO SELL THE SUBJECT PROPERTY upon payment in full of the balance owing to Defendant United States of America UNTIL the property is sold by the Department of Housing and Urban Development to a third party *bona fide* purchaser.

IT IS FURTHER ORDERED that Plaintiff Trustee SHALL BE HELD HARMLESS in his proper exercise of fiduciary responsibilities over the property, as scheduled in the GWF Investments, Ltd. Chapter 11 Case and also as to administrative expenses and costs incurred thereby. IT IS FURTHER ORDERED that the Trustee is authorized to continue to sign management checks and to oversee the property until order is issued by the District Court placing the mortgagee in possession, or the appointing of a receiver.